# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA ROSARIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, RAFAEL | ) | |
| MAGALLON # 19170, ANGEILLY LOPEZ | ) | 11 – CV - 456 |
| #2768, JASON BALA #9112, WILLIAM | ) | |
| OBRIEN # 9564, ELAINE VABAKOS | ) | Jury Demanded |
| #11498, A. CASEY # 9541, W. CRAWFORD | ) | |
| #10770, and UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Sandra Rosario, by and through her attorneys, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Michael C. Cannon, and Nicole Barkowski, Mottweiler & Associates, and as her complaint against the defendants, states the following:

### Nature of Action

1. This action seeks damages under federal law, Title 42 U.S.C. §§1983 and 1988, for defendants' actions of August 11, 2010 which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

## Jurisdiction and Venue

2. The jurisdiction of this court is invoked pursuant to Title 28 U.S.C. sections 1331 and 1343 and this Court's supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367.   Venue in this district is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

## Parties

3. At all relevant times, the Plaintiff, Sandra Rosario, was a resident of the  City of Chicago, County of Cook, State of Illinois, in this District, and entitled to be free from unreasonable searches and seizures, excessive force, and the malicious conduct of police officers employed by the municipal defendant.

4. The City of Chicago is a municipal corporation located in the State of Illinois in this Judicial District.   At all relevant times, the City of Chicago was the employer of defendants, Rafael Magallon # 19170, Angeilly Lopez #2768, Jason Bala #9112, William O Brien # 9564, Elaine Vabakos #11498, A. Casey # 9541, W. Crawford #10770, and other Unknown Chicago Police Officers ("defendant officers" hereafter).   The defendant officers were at all relevant times employed by the City of Chicago as duly appointed police

officers in the City of Chicago acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

## Common Allegations

6. At approximately 9:00 P.M. on August 11, 2010, plaintiff Sandra Rosario was driving an automobile owned by her in the vicinity of Humboldt Boulevard in the City of Chicago. At all times that evening, Sandra Rosario operated this vehicle in accordance with all applicable traffic statutes and ordinances of the State of Illinois and City of Chicago.

7. On the evening of August 11, 2010, at approximately 9:00 P.M., defendants Magallon, Lopez, Bala, and O'Brien, who were dressed in plain clothes and traveling in unmarked squad cars, stopped plaintiff. Plaintiff had violated no law, and defendants had seen no evidence and possessed no reasonable basis to believe that plaintiff had committed an offense, nor did defendants have any justification or authority whatever for stopping plaintiff.

8. When plaintiff stepped from her automobile, in full cooperation with the defendants Magallon, Lopez, Bala, and O'Brien, said defendants searched her person and her automobile, with defendant Magallon placing his hands on

the body of plaintiff in a manner completely inappropriate and unreasonable for a male police officer when dealing with a female subject.

9. At no time before or during this interrogation and search/fondling of plaintiff did defendants uncover any evidence creating reasonable grounds to believe that plaintiff had violated any laws or ordinances of the State of Illinois or the City of Chicago.

10. Although the defendant officers had found no evidence of any violation of law by plaintiff, they nonetheless placed her in custody, and transported her to the Fourteenth District Station of the City of Chicago Police Department.

11. At the Fourteenth District Station, defendant officers detained plaintiff for further interrogation and a further search of her person, although they still had seen no evidence or probable cause that plaintiff had committed any violation of the law.

12. During the course of the interrogation of plaintiff at the Fourteenth District Station by defendants Magallon and Lopez said defendants ordered a further illegal search of plaintiff, in that at their direction plaintiff was subjected to a strip search – she was taken into a room and told by a female police officer to remove all of her clothes. At that time, plaintiff was completing her menstrual cycle and was required to remove her tampon.

13. This strip search was conducted without a search warrant, and without any reasonable basis for these officers to believe that plaintiff had secreted or concealed any contraband or weapons upon her person. At no time before, during, or after this search did the defendant officers have probable cause to conduct or request this search.

14. At no time before, during, or after this search did the Defendant Officers have permission from the plaintiff to conduct this search.

15. While at the Fourteenth District Station defendants Magallon and Lopez, assaulted and beat plaintiff at a time when plaintiff was under their exclusive dominion and control, unarmed, and unable to resist defendants.

16. As a result of the assault by defendants, plaintiff suffered contusions on her upper arms, right knee, and face.

17. Without probable cause or any justification whatever, defendants Magallon, Lopez, Bala, and O'Brien agreed to and did falsely and maliciously charge plaintiff with the following offense: possession of cocaine with intent to deliver under the laws of the State of Illinois.

18. Because of defendant officers' malicious charges against plaintiff, plaintiff was detained without cause until the following day, August 12, 2010.

19. By means of these wholly unfounded charges, defendant officers directly caused plaintiff's automobile to be impounded, thereby depriving the plaintiff of the possession, use and enjoyment of her automobile for several

weeks, and causing plaintiff numerous trips to the Police Department and City of Chicago Administrative hearing court in repeated attempts to regain her own automobile.

20. On September 10, 2010 plaintiff was brought to trial before the Honorable Mauricio Araujo, a Judge of the Circuit Court of Cook County, State of Illinois, upon the charge of possession of cocaine with intent to deliver, whereupon that charge was dismissed with a finding indicative of plaintiff's innocence, which disposition became a final discharge of plaintiff on said charge.

## COUNT I
## [§1983 Unlawful Arrest] Defendant Officers

21. The Plaintiff adopts and incorporates paragraphs one through twenty, above, as and for the allegations of this paragraph twenty-one.

22. As described above, the defendant officers used excessive and unreasonable force during the arrest of the plaintiff, an arrest which occurred without probable cause.

23. The misconduct was undertaken by the defendant officers under color of law, within the course and scope of their employment, was objectively unreasonable, took place with malice, and with willful indifference to the plaintiff's constitutional rights.

24. As a direct and proximate result of the actions by the defendant officers, the plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against the defendants, Rafael Magallon # 19170, Angeilly Lopez #2768, Jason Bala #9112, William O Brien # 9564, Elaine Vabakos #11498, A. Casey # 9541, W. Crawford #10770, and other Unknown Chicago Police Officers, awarding compensatory damages, punitive damages, attorney fees, and costs, as well as any other relief this Court deems just and appropriate.

## COUNT II
### [§1983 Failure to Intervene] Defendant Officers

25. The Plaintiff adopts and incorporates paragraphs one through twenty-four, above, as and for the allegations of this paragraph twenty-five.

26. One or more of the defendant officers stood by and watched without intervening to prevent the violence to which the plaintiff was subjected, as referenced above. These officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

27. The misconduct was undertaken by the defendant officers under color of law, within the course and scope of their employment, was objectively unreasonable, took place with malice, and with willful indifference to the plaintiff's constitutional rights.

28. The actions of the defendant officers violated the plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution.

29. As a direct and proximate result of the actions of the defendant officers, the plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against the defendants, Rafael Magallon # 19170, Angeilly Lopez #2768, Jason Bala #9112, William O Brien # 9564, Elaine Vabakos #11498, A. Casey # 9541, W. Crawford #10770, and other Unknown Chicago Police Officers, awarding compensatory damages, punitive damages, attorney fees, and costs, as well as any other relief this Court deems just and appropriate.

## Count III
### [State Law Battery Claim] All Defendants

30. The Plaintiff adopts and incorporates paragraphs one through twenty, above, as and for the allegations of this paragraph thirty.

31. As described above, the defendant officers, employees of the City of Chicago, intended to cause, and did cause, harmful and offensive contact of the plaintiff during her arrest.

32. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

33. Defendant City of Chicago is liable as principal for all torts committed by its agents.

34. As a direct and proximate result of the acts of the defendant officers, employees of the City of Chicago, plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

## Count IV
### [State Law Abuse of Process Claim] All Defendants

35. The plaintiff adopts and incorporates paragraphs one through twenty, above, as and for the allegations of this paragraph thirty-five.

36. As described above, the defendant officers arrested the plaintiff, used force against the plaintiff, and treated hers in the manner in which he was treated not because the plaintiff was or had been violating the law, but in order to punish the plaintiff and as retaliation.

37. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

38. Defendant City of Chicago is liable as principal for all torts committed by its agents.

39. As a direct and proximate result of the acts of the defendant officers, employees of the City of Chicago, plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

## Count V
## [State Law Malicious Prosecution Claim] All Defendants

40. The plaintiff adopts and incorporates paragraphs one through twenty and thirty-six through thirty-nine, above, as and for the allegations of this paragraph forty.

41. The defendant officers alleged that plaintiff had violated the laws of the State of Illinois, thereby commencing a criminal proceeding against the plaintiff.

42. The defendant officers did so without probable cause.

43. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers,

was objectively unreasonable, took place with malice, and was willful and wanton.

44. The underlying criminal charges were ultimately and finally resolved in plaintiff's favor.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

### Count VI
### [State Law Intentional Infliction of Emotional Distress Claim]
### All Defendants

45. The plaintiff adopts and incorporates paragraphs one through forty-four, above, as and for the allegations of this paragraph forty-five.

46. As described above, the defendant officers engaged in conduct that was extreme and outrageous when they knew, or should have known, that their actions would cause severe emotional distress to the plaintiff.

47. The misconduct was undertaken by the defendant officers within the course and scope of their employment as City of Chicago police officers, was objectively unreasonable, took place with malice, and was willful and wanton.

46. As a direct and proximate result of the acts of the defendant officers, employees of the City of Chicago, plaintiff was injured, suffered emotional

anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the plaintiff, Sandra Rosario, prays for judgment in her favor and against all of the defendants, awarding compensatory damages, punitive damages against the individual defendants, costs, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiff demands a trial by jury on all Counts.


/s/ Mark F. Smolens
Attorney for Plaintiff


**MARK F. SMOLENS   #6190482**
**LAW OFFICE OF MARK F. SMOLENS**
**1627 West Colonial Parkway**
**Suite 301**
**Inverness, IL 60067**
**(773) 580-4982**
**ryansmolensjones@hotmail.com**

**RICHARD R. MOTTWEILER # 3123509**
**MICHAEL C. CANNON #6296028**
**NICOLE BARKOWSKI #6295834**
**MOTTWEILER & ASSOCIATES**
**1627 Colonial Parkway**
**Inverness, IL 60067**
**800-934-0805**
tcblaw@aol.com
mcannon76@aol.com